UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-2442-SK                           Date: May 18, 2026
Title      Doriam Alexander Chavez Toribio v. Markwayne Mullin, et al.

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [4]**

Petitioner, a native and citizen of Nicaragua, is detained at the Adelanto ICE Processing Center-Desert View Facility.  On May 7, 2026, he filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241.  He also filed an ex parte application for temporary restraining order ("TRO").  (ECF 4).  In both, Petitioner seeks immediate release on identical facts and legal theories.  The TRO application is GRANTED in part.

Petitioner's request for an "order prohibiting transfer outside the Central District of California pending final resolution of this litigation" (ECF 4-1 at 19-20) is GRANTED. *See Nken v. Holder*, 556 U.S. 418, 434-36 (2009); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The risk of irreparable harm from transfer pending adjudication is self-evident: if Petitioner is removed before the Court can evaluate whether present detention is lawful, the petition becomes practically impossible to adjudicate and the writ nearly meaningless.  The balance of equities also favors preserving the Court's ability to adjudicate the petition over any interest in transfer.  And the public interest is served by the orderly adjudication of habeas petitions.  Accordingly, Respondents are TEMPORARILY RESTRAINED from transferring Petitioner outside this district pending further order of the Court.

The request for immediate release from custody through a TRO, however, is DENIED.  Whether Petitioner's present confinement is lawful is the core merits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:26-cv-2442-SK | Date: May 18, 2026 |
| Title   Doriam Alexander Chavez Toribio v. Markwayne Mullin, et al. | |

question in the habeas petition.  That question is best resolved through the expedited merits review established by General Order 26-05.  It should not in the ordinary case be rushed through the TRO framework, which anyway would require the Court to evaluate likelihood of success on the very merits question presented in the habeas petition.[1]  *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("[J]udgment on the merits in the guise of preliminary relief is a highly inappropriate result."); *Mendez v. U.S. Immigr. & Customs Enf't*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing request for emergency equitable relief where the relief sought was "not 'temporary' or 'preliminary' but rather ... the same ultimate relief" sought on the merits); *cf. Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (holding it "inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits").

IT IS SO ORDERED.

---

[1] But the denial of immediate release through preliminary relief is not intended to foreshadow in any way the Court's view on the merits of the petition, including whether the appropriate remedy—if the petition were granted—should be a custody hearing, unconditional release, or a conditional writ.  Those questions are best resolved via a merits adjudication under the expedited schedule.